THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GEORGE CLAYMONST, PLAINTIFF IN ERROR.

Submitted December 5, 1921—Dismissed March 6, 1922.

1. Assigning trial errors in this court does not invoke its jurisdiction on error to the Supreme Court, when that court sits as a reviewing tribunal, and in the absence of an assignment challenging the validity of the Supreme Court's judgment, a writ of error to that, from this, court will be dismissed.
2. It is error to permit the prosecution to rebut testimony given on cross-examination by a witness for the defence, relating to a collateral matter.

On writ of error to the Supreme Court.

For the plaintiff in error, *Charles E. S. Thorne.*

For the defendant in error, *J. Henry Harrison,* prosecutor, and *Wilbur A. Molt,* assistant prosecutor, of the pleas.

PER CURIAM.

On an indictment for assault and battery and carnal abuse the defendant was convicted. The judgment thereupon entered was removed into the Supreme Court on writ of error and affirmed in an opinion by the Chief Justice. There were certain assignments of error and specifications of causes for reversal in the record before the Supreme Court. They are repeated in this court, to which the judgment of the Supreme Court has been brought on error, with no assignment of error here to the effect that the Supreme Court erred in giving its judgment. We decided in *State* v. *Andres,* 96 *N. J. L.* 437, at the last term, that reassigning trial errors in this court did not invoke its jurisdiction on error to the Supreme Court, when that court sits as a reviewing tribunal; and that in the absence of an assignment challenging the validity of the Supreme Court's judgment the writ of error in this court should be dismissed. The state makes this point *in limine* in this case, and therefore the writ of error should be dismissed. We have, however, examined the meritorious questions involved and are of opinion that the judgment of the Supreme Court was correct. This action is not, however, to be drawn into a precedent. The Andres case and those upon which it was decided, have been published long enough for the bar to become informed upon the subject.

We concur in the reasoning of the opinion of the Supreme Court in affirming the judgment of the Quarter Sessions, with one exception now to be stated.

It was urged as a reason for a reversal of the judgment that the trial court erred in permitting the prosecution to rebut the testimony given by Mrs. Yaraminies, a witness for the defendant, on her cross-examination, relating to a collateral matter.

The record shows that Chenoweth, a police officer, a witness for the prosecution, in company with several other policemen, went to the residence of Mrs. Yaraminies and questioned her regarding the whereabouts of the defendant (her boarder) on the evening of the commission of the offence, and in the course of her cross-examination at the trial, she was asked if she did not tell Officer Chenoweth that the defendant had not gone out of the house on that evening, and she, in substance, replied that she did not see the defendant go out. This answer was followed by questions designed to elicit a statement that her little girl, while the police were there, stated that the defendant was out that night. The answers were negative. To contradict this, police officer Chenoweth was called in rebuttal and was permitted to testify that the little girl said that she looked in the defendant's room and he was not there.

It is evident that the testimony as to what the girl said on that occasion was clearly hearsay and inadmissible, and that the cross-examination of Mrs. Yaraminies as to wnat her daughter did and said was upon a collateral matter, and that the state was bound by the answers given by the witness. It was, therefore, error to permit Chenoweth to give testimony in contradiction of what Mrs. Yaraminies testified the girl did and said when Chenoweth questioned the witness at her residence. *Bullock* v. *State,* 65 *N. J. L.* 557; *State* v. *Mor,* 85 *Id.* 558.

The defendant was not harmed by this testimony for the trial judge ruled that the state could not by Chenoweth contradict what Mrs. Yaraminies said the little girl had said, because it was bound by her answers on that collateral fact. Therefore, although the testimony was not actually stricken out, it was so limited as to be harmless to the defendant.

Where it clearly appears that testimony illegally admitted in a criminal case could not have injuriously affected the defendant, the admission of such testimony does not constitute ground for reversal. *State* v. *Murphy,* 87 *N. J. L.* 515, 520, and cases cited.

The writ of error will be dismissed.